UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUNRISE BIDDERS, INC.,                           )
                                                 )
                       Plaintiff,                )
                                                 )
        vs.                                      )            09 C  2123
                                                 )
THE GODADDY GROUP, INC. et al,                   )
                                                 )
                       Defendants.               )


## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:


This matter is before the Court on the motion of The Go Daddy Group, Inc. and

GoDaddy.com, Inc. (collectively referred to as "GoDaddy") to transfer venue to the

United States District Court of Arizona pursuant to 28 U.S.C. § 1404(a). For the reasons

set forth below, the motion is denied.

## BACKGROUND

The following facts are taken from plaintiff Sunrise Bidders, Inc.'s ("Sunrise")

complaint and GoDaddy's brief in support of its motion to transfer.  GoDaddy is an

Arizona corporation with its principal place of business in Scottsdale. GoDaddy is

engaged in the business of providing, in exchange for a fee, internet-based website

hosting and domain name registration. GoDaddy also offers online advertising ("CashParking") and online auction services. Sunrise is a Delaware corporation with its principal place of business in Itasca, Illinois. After purchasing substantially all the assets of uBid, Inc., ("uBid"), a Delaware corporation with its principal place of business in Chicago, Sunrise became the successor-in-interest to uBid. On April 6, 2009, Sunrise filed suit against GoDaddy in the Northern District of Illinois. According to the allegations of the complaint, GoDaddy trafficked and used, in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d) ("ACPA"), approximately 170 registered domain names with a bad faith intent to profit from Sunrise's trademarks. On November 5, 2009, this Court granted GoDaddy's motion to dismiss for lack of personal jurisdiction. On September 29, 2010, the Court of Appeals reversed, holding that GoDaddy was subject to specific jurisdiction in Illinois. Pursuant to 28 U.S.C. § 1404(a), GoDaddy now moves to transfer venue to the United States District Court of Arizona.

### LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). To determine whether transfer will serve the convenience of the parties and witnesses, and promote

the interests of justice, the court must examine both the private and the public interests at stake. *Nalco Co., v. Envtl. Mgmt. Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). The private interests include : (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Sassy, Inc., v. Berry*, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005). The "interest of justice" factors include: (1) the congestions of the respective court dockets; (2) prospects for a speedy trial; and (3) the courts' familiarity with the applicable law. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.1986). Section 1404(a) does not indicate the relative weight to be accorded to each factor. Instead, the district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). With these principles in mind, we turn to the present motion.[1]

## DISCUSSION

### I.    Private Interests Factors

GoDaddy contends that Sunrise's choice of forum should be given minimal consideration because the situs of material events in this case is Arizona. A plaintiff's

---

[1] The moving party also bears the burden of "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20. In the instant case, venue is proper in the Northern District of Illinois and the parties do not dispute the propriety of venue in the United States District Court of Arizona. We will therefore confine our discussion to whether the convenience of the parties and witnesses and the interests of justice favor transfer.

choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). A plaintiff's choice of forum may be afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events. *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007). In the instant matter, GoDaddy focuses on the allegedly "infringing activity" and argues that the conduct giving rise to the dispute occurred in Arizona where GoDaddy maintains its computer servers and operates its parked page and auction services. Sunrise, on the other hand, centers its argument on the "injury" aspect of the trademark infringement and points to Illinois, the location of the trademark owner. "[A] substantial part of the events triggering trademark infringement may occur both in the district where the infringer is located and [the district] where the trademark owner is located and confusion is likely to occur." *Nw. Corp. v. Gabriel Mfg. Co.*, No. 96 C 2004, 1996 WL 73622, at *5 (N.D. Ill. Feb. 16, 1996). Under the present circumstances, Arizona and Illinois neutralize one another since the infringing activity and the injury took place in these two judicial districts. Relatedly, in a case such as the one at hand, the situs of material events is potentially

everywhere Sunrise's website is accessible; Sunrise could have easily sued in many different districts since GoDaddy's business is entirely conducted on the internet. However, since Sunrise chose Illinois, its home forum, as the preferred venue for this action, we will defer to Sunrise's choice of forum if other factors remain equal between the parties.

GoDaddy next contends that we should transfer venue because sources of proof are more accessible in Arizona where storage facilities, computer servers, and document custodians are located. In the instant matter, both judicial districts are sources of proof, as relevant documents of the two companies are either located in Arizona or Illinois. We agree with GoDaddy that GoDaddy's business records likely will be the main focus of discovery since its conduct is the subject of the lawsuit. However, GoDaddy has failed to establish that it would be inconvenient or impractical to transfer documents to Illinois since electronic information can conveniently be accessed from, and stored in, any location. Irrespective of where the judicial proceedings take place, all relevant documents will unavoidably have to be collected, downloaded or copied, and transferred to counsel in Arizona and/or Illinois. Accordingly, this factor does not favor or disfavor transfer of venue.

GoDaddy next argues that Arizona is more convenient for its witnesses than Illinois. In assessing this factor, the Court considers, among other factors, the number

of witnesses located in each forum; the nature, quality and importance of their testimony; and whether the witnesses can be compelled to testify. *Event News Network, Inc., v. Thill*, No. 05 C 2972, 2005 WL 2978711, at *5 (N.D. Ill. Nov. 2, 2005). GoDaddy has identified seven potential witnesses residing in Arizona: four witnesses will provide information regarding GoDaddy's development, oversight, technical aspects, and operation of the parked page, CashParking, and domain auction service; and the remaining three will analyze aspects of GoDaddy's contractual relationships with domain registrants, complaint procedure, and registration records for the domain names. On the other hand, Sunrise has disclosed five potential witnesses who are knowledgeable of Sunrise's business operations and Sunrise's acquisition, ownership, registration, and protection of trademarks. A review of the record before the Court reveals that it would be as inconvenient for GoDaddy to litigate this case in Illinois as it would be for Sunrise to litigate it in Arizona. A transfer of venue to Arizona would therefore merely shift the inconvenience to Sunrise. *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Also in connection with the inconvenience for witness factor, GoDaddy indicates that Mr. Kobinski, a former employee, may be called to testify as to the development of GoDaddy's parked page service. GoDaddy further claims that as a non-party, Mr. Kobinski is outside the compulsory process of the Northern District of Illinois. Sunrise

retorts that GoDaddy has already disclosed three other employees who would testify about the same matter and that Mr. Kobinski is a redundant witness. We agree with Sunrise. The movant bears the burden of establishing what the witness's testimony will be and how vital that testimony will be to the case. *Rohde v. Cent. R.R. of Indiana*, 951 F. Supp. 746, 748 (N.D. Ill. 1997). Here, GoDaddy has failed to show how Mr. Kobinski's testimony will prove vital to the litigation. In addition, GoDaddy has not indicated that the third-party witness would resist appearing in Illinois. It is presumed that GoDaddy's witness will testify voluntarily. Clearly, the inconvenience to witnesses factor is inconsequential to the transfer of venue.

Finally, the Court finds that the convenience to the parties element is insignificant in the instant case. Sunrise argues that GoDaddy is financially more capable of handling the expenses of trial. GoDaddy argues that Sunrise has not put forth any evidence indicating that it would be financially burdened by the costs of litigation. However, neither party has offered evidence showing that litigating the case in another district would be untenable for its own finances. "A party arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his or her finances." *Ruppert v. Principal Life Ins. Co.*, No. 06 C 903, 2007 WL 2025233, at *6 (S.D. Ill. July 9, 2007). Absent any information regarding the parties' financial inability to litigate in another judicial

district, we conclude that both litigants have the financial wherewithal to litigate in either forum.

## II.    Public Interest Factors

The interests of justice component relates to the efficient administration of the court system. Courts will consider, among other factors, the relationship of each community to the controversy, and the respective desirability of resolving controversies in each locale. *Research Automation, Inc., v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).[2]

GoDaddy argues that Arizona is the community with the greatest ties to the action because the activities, practices, and evidence at issue are entirely located in Arizona. As previously discussed, we recognize that Arizona aggregates a significant portion of the relevant events; however, Sunrise's injury took place in Illinois. "Illinois has a strong interest in adjudicating injuries to the intellectual property rights of businesses that operate in this state." *Sch. Stuff, Inc., v. Sch. Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, at \*6 (N.D. Ill. May 21, 2001). Because Illinois has a discernible relationship with the present matter, we conclude that this factor cannot influence the transfer of venue.

---

[2] The parties do not dispute that other relevant factors such as the congestion of docket, the likelihood of a speedy trial, and the respective courts' familiarity with the relevant law, are neutral. Therefore, the Court declines to address these factors.

GoDaddy finally contends that because Sunrise is seeking preliminary and permanent injunctive relief, Arizona is the most desirable forum for resolving this controversy. More specifically, Sunrise asks the Court to enjoin GoDaddy from registering, using, trafficking, typosquatting, cybersquatting, cyberpirating, and/or domain tasting, any domain name that incorporates or is confusingly similar to the distinctive valuable marks of Sunrise. Notwithstanding the fact that both districts are equally armed to prevent a party from engaging in illegal conduct, and that injury can be felt wherever Sunrise's website is accessible, the Court finds GoDaddy's argument persuasive. The computer servers and the website, subject of the lawsuit, are respectively located and maintained in Arizona. If relief is ultimately granted, enforcement will primarily take place in Arizona. Therefore, Arizona is the better forum to enforce and monitor any injunctive relief; this factor favors transfer.

However, considering the totality of the public and private interests, this Court concludes that GoDaddy has not met its burden of establishing that transfer is warranted under the circumstances. "The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another." *Graham v. UPS,* 519 F. Supp. 2d 801, 809 (N.D. Ill. 2007). Therefore, the Northern District of Illinois is the appropriate forum for this action.

## CONCLUSION

Based on the foregoing analysis, the motion to transfer venue to the United States

District Court of Arizona is denied.


_____
Charles P. Kocoras
United States District Judge


Dated:  __April 11, 2011__